IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,427-05 & -06






EX PARTE PAUL EDISON CHARLEY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-0833267-H & F-0833269-Y 


IN CRIMINAL DISTRICT COURT NOS. 1 AND 7

FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial courts transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
sexual assault and sexual assault and sentenced to imprisonment for fifteen and fourteen years,
respectively. The Fifth Court of Appeals affirmed his convictions. Charley v. State, No. 05-08-01691-CR (Tex. App.--Dallas 2011, no pet.); Charley v. State, No. 05-08-01678-CR (Tex.
App.--Dallas 2010, pet. ref'd).

 In a single ground, Applicant contends that he is actually innocent. Applicant has alleged
facts that, if true, might entitle him to relief. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App.
1996). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
In each cause, if the complainant is available to testify, the trial court shall hold a live evidentiary
hearing 

 If the trial courts hold hearings, they shall determine whether Applicant is indigent. If he is
indigent and wishes to be represented by counsel, the trial courts shall appoint an attorney to
represent him at the hearings. Tex. Code Crim. Proc. art. 26.04. 

 The trial courts shall make findings of fact and conclusions of law as to whether: (1) the
factual basis of Applicant's claim was previously available, Tex. Code Crim. Proc. art. 11.07, §
4(a)(1); (2) the complainant has recanted; (3) her recantation is credible; and (4) Applicant has
established by clear and convincing evidence that no reasonable juror would have convicted him in
light of the new evidence. The trial courts shall also make any other findings of fact and conclusions
of law that they deem relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 These applications will be held in abeyance until the trial courts have resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial courts' supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 12, 2013

Do not publish